**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

DENISE JEAN D'AGARO JACOBS,
And JOHN RO JACOBS,

Plaintiffs,

Case No.: 8:10 CV2429 T 17 MAP

v.

MENTOR CORPORATION,
A Minnesota Corporation, and
JOHN DOE CORPORATIONS 1-50
(fictitious),

Defendants.

_______________________________/

FILED
10 OCT 29 AM 9:31
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**COMPLAINT**

Plaintiffs, DENISE JEAN D'AGARO JACOBS and JOHN RO JACOBS, bring this case against Defendants, MENTOR CORPORATION, a Minnesota corporation, and JOHN DOE CORPORATIONS 1-50 (fictitious), for the injuries arising from the implantation into Mrs. Jacobs of a medical device that was negligently manufactured and designed by the Defendants and failed to contain appropriate and significant warnings relating to its use.

**PARTIES**

1. Plaintiff, DENISE JEAN D'AGARO JACOBS (hereinafter "MRS. JACOBS"), is, and at all times material hereto was, a resident of Hillsborough County, Florida.

2. Plaintiff, JOHN RO JACOBS, who is married to MRS. JACOBS, is, and all times material hereto was, a resident of Hillsborough, Florida.

3. Defendant, MENTOR CORPORATION ("MENTOR"), is a Minnesota

TD 57806
$350

Corporation that is headquartered in Santa Barbara, California. At all times material hereto, MENTOR did business in the State of Florida.

4. Defendant JOHN DOE CORPORATIONS 1-50 represent presently unknown designers, researchers, developers, manufacturers, marketers, distributors, promoters, suppliers, and sellers of the Mentor transobturator sling, which was and is defective and unreasonably dangerous to women.

**JURISDICTION AND VENUE**

5. MENTOR is, and at all times material hereto was, in the business of designing, manufacturing, and selling medical devices, including, but not limited to, the Mentor transobturator sling, which was intended to be used and which was used in Hillsborough County, Florida, in the ordinary course of commerce, trade and use, all at or about the time of the injuries described herein and which were suffered by MRS. JACOBS in Hillsborough County, Florida. Accordingly, this Court has jurisdiction over MENTOR pursuant to Sections 48.193(1)(a), (f), and (g) of the Florida Statutes.

6. Venue is proper in this District because substantial parts of the events giving rise to the causes of action set forth herein, including, without limitation, the sale and implantation of the Mentor transobturator sling, occurred in Hillsborough County, Florida.

7. All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

**FACTUAL BACKGROUND**

8. Defendants MENTOR and JOHN DOE CORPORATIONS 1-50 (collectively

"Defendants") at all times material hereto, were engaged in the business of placing medical devices into the stream of commerce by designing, manufacturing, marketing, packaging, labeling, and selling such devices, including the Mentor transobturator sling (also referred to herein as the "Medical Device").

9. The Mentor transobturator sling is an implantable, suburethral, support tape designed for women who suffer from pain, discomfort, and bladder control issues such as Stress Urinary Incontinence (or "SUI").

10. Statements made to the FDA during the 510(k) approval process for this Medical Device inadequately relied on predicate devices and not clinical testing or other design verification or testing. These statements induced the Plaintiffs into relying upon the Defendants' judgment.

11. The Medical Device was designed to be implanted in such a way that it would provide support for eroded or weakened muscles in the urethra.

12. The Medical Device is comprised of non-woven polypropylene fibers and is intended for use as a vaginal sling implant for the treatment of stress urinary incontinence resulting from urethral hypermobility and/or intrinsic sphincter deficiency. The Mentor transobturator sling is part of a line of transvaginal mesh products manufactured, marketed, packaged, labeled, and sold by the Defendants. The Defendants' entire line of transvaginal mesh products share common defects in design, warnings, and manufacture.

13. On October 20, 2008, the Food and Drug Administration (hereinafter, "FDA") issued a Public Health Notification that described over 1,000 complaints that had been reported over a three year period related to vaginal sling implants.

14. Due to defects in design, manufacture, and warnings, the Mentor transobturator

sling implanted into MRS. JACOBS was unreasonably dangerous at the time it left Defendants' control.

## Plaintiffs' Experience and Injuries

15. On November 2, 2006, MRS. JACOBS was implanted with a Mentor transobturator sling that was designed, manufactured, packaged, labeled, marketed, and sold by Defendants.

16. The sling was implanted in MRS. JACOBS with the intention of treating her stress urinary incontinence, a use for which Defendants marketed and sold these products.

17. At all times, the Mentor transobturator sling that was implanted in MRS. JACOBS was used for the purpose that Defendants marketed the product.

18. After, and as a result of the surgical implant of Defendants' Medical Device, MRS. JACOBS suffered serious bodily injuries, including extreme pain, bladder spasms, continued urinary incontinence, erosion of her internal bodily tissue, and other injuries similar to the ones described in the FDA's Public Health Advisory of October 20, 2008.

19. These injuries would not have occurred but for the defective nature of the product implanted and/or Defendants' wrongful conduct.

20. As a result of having the Mentor transobturator sling implanted, MRS. JACOBS has experienced significant mental and physical pain and suffering, undergone multiple surgeries and revisionary procedures, and she has sustained permanent injuries.

## COUNT I
## (Strict Liability – Defective Design or Manufacture, by Plaintiff, Denise Jacobs)

21. This is an action for damages in excess of $75,000.00, exclusive of interest, costs

and attorneys fees.

22. Plaintiffs adopt and reallege paragraphs 1 through 20 above though fully set forth herein.

23. Defendants placed the Mentor transobturator sling into the stream of commerce with the actual or constructive knowledge that it would be used without inspection for defects.

24. The Medical Device was defective in its manufacture or design.

25. Because of defects in the Medical Device, it is, and at all times material hereto was, unreasonably dangerous.

26. As a direct and proximate result of the defective and unreasonably dangerous Medical Device, MRS. JACOBS suffered extreme pain, bladder spasms, continued urinary incontinence, erosion of her internal bodily tissue that has resulted in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation of a preexisting condition, and interest on the foregoing. The foregoing losses and injuries are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Denise Jacobs respectfully demands that this Honorable Court enter judgment against Defendants, MENTOR Corporation and JOHN DOE CORPORATIONS 1 -50, jointly and severally for damages, together with costs of this action, and demands trial by jury of all issues raised herein.

**COUNT II**

**(Strict Product Liability – Failure to Warn, by Plaintiff, Denise Jacobs)**

27. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

28. Plaintiffs adopt and reallege paragraphs 1 through 20 above though fully set forth herein.

29. The Medical Device implanted in MRS. JACOBS was defective and unreasonably dangerous when it left the possession of the Defendants in that it contained warnings which were inadequate and insufficient to alert physicians or consumers to the dangerous risks associated with the product, including, without limitation, extreme pain, bladder spasms, continued urinary incontinence, erosion of internal bodily tissue, and other injuries similar to the ones described in the FDA's Public Health Advisory of October 20, 2008.

30. The Medical Device implanted in MRS. JACOBS was used for its intended purpose, *i.e.*, the correction of stress urinary incontinence.

31. MRS. JACOBS's physicians, including the surgeon who performed the implant of the Medical Device, could not have discovered any defect with the product through the exercise of care.

32. MRS. JACOBS's physicians, including the surgeon who performed the implant of the Medical Device, did not have substantially the same knowledge that an adequate warning from the manufacturer or a distributor would have communicated.

33. The warnings that were provided by Defendants regarding the Medical Device were not sufficient, accurate, clear, or ambiguous.

34. The Defendants had a continuing duty to warn MRS. JACOBS's or her doctors of the dangers associated with the Medical Device

35. As a direct and legal result of the Defendants' failure to warn, Plaintiff, DENISE JACOBS has sustained serious and permanent injuries, including, but not limited to, extreme pain, bladder spasms, continued urinary incontinence, erosion of her internal bodily tissue, and

other injuries similar to the ones described in the FDA's Public Health Advisory of October 20, 2008

WHEREFORE, Plaintiff, DENISE JACOBS, respectfully demands that this Honorable Court enter judgment against Defendants, MENTOR CORPORATION and JOHN DOE CORPORATIONS 1 - 50, jointly and severally for damages, together with costs of this action, and demands trial by jury of all issues raised herein.

**COUNT III**

**(Negligence, by Plaintiff, Denise Jacobs)**

36. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

37. Plaintiffs adopt and reallege paragraphs 1 through 20 above as if fully set forth herein.

38. Defendants owed a duty to Plaintiffs and others similarly situated as foreseeable users of the Medical Device to manufacture and sell it so that they would be reasonably safe for its intended use and free from defects.

39. Defendants were negligent in designing, manufacturing and selling the Medical Device by, among other things, failing to properly fabricate the Medical Device, failing to adequately test the Medical Device, and failing to conduct adequate quality control procedures for the Medical Device.

40. As a direct and proximate result of the foregoing negligence of Defendants, Plaintiff, DENISE JACOBS has suffered extreme pain, bladder spasms, continued urinary incontinence, erosion of her internal bodily tissue that has resulted in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization,

medical and nursing care and treatment, aggravation of a preexisting condition and interest on the foregoing. The foregoing losses and injuries are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, DENISE JACOBS, respectfully demands that this Honorable Court enter judgment against Defendants, MENTOR CORPORATION and JOHN DOE CORPORATIONS 1 - 50 for damages, together with costs of this action, and demands trial by jury of all issues raised herein.

## COUNT IV
## (Breach of Warranty, by Plaintiff, Denise Jacobs)

41. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

42. Plaintiffs adopt and reallege paragraphs 1 through 20 above as though fully set forth herein.

43. Defendants impliedly warranted to Plaintiffs and all others similarly situated that the Medical Device was reasonably fit for its intended use and that it was designed, manufactured and sold in accordance with good design, engineering, and industry standards.

44. The Medical Device was defective in its manufacture or design and was therefore, not fit for its intended use and was not designed, manufactured, or sold in accordance with good design, engineering, and industry standards.

45. Defendants breached the above warranties in that the Medical Device was defective as set forth above, was not for its intended use and was not designed, manufactured, or sold in accordance with good design, engineering and industry standards.

46. As a direct and proximate result of the foregoing breaches of warranties, Plaintiff

suffered extreme pain, bladder spasms, continued urinary incontinence, erosion of her internal bodily tissue that has resulted in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation of a preexisting condition and interest on the foregoing. The foregoing losses and injuries are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, DENISE JACOBS, respectfully demands that this Honorable Court enter judgment against Defendants, MENTOR CORPORATION and JOHN DOE CORPORATIONS 1 - 50, jointly and severally for damages, together with costs of this action, and demands trial by jury of all issues raised herein.

**COUNT V**

**(Loss of Consortium, by Plaintiff, John Jacobs)**

47. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

48. Plaintiffs adopt and reallege paragraphs 1 through 20 above as though fully set forth herein.

49. As a result of the surgical implant of Defendants' Medical Device in MRS. JACOBS, the Plaintiff, JOHN JACOBS has been damaged and has lost the support, services, comfort, society, and attentions in the past and will suffer such losses in the future.

WHEREFORE, Plaintiff, JOHN JACOBS, respectfully demands that this Honorable Court enter judgment against Defendants, MENTOR CORPORATION and JOHN DOE CORPORATIONS 1 - 50, jointly and severally for damages, together with costs of this action, and demands trial by jury of all issues raised herein

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

KENT G. WHITTEMORE
The Whittemore Law Group, P.A.
One Beach Drive S.E., Suite 205
St. Petersburg, FL 33701
(727) 821-8752
FBN: 166049
*Attorneys for Plaintiffs*